STATE OF NEW JERSEY, PLAINTIFF-APPELLANT, v. JAMES B. WYSOCKI, DEFENDANT-RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued January 16, 1979—Decided February 5, 1979.

138

Before Judges FRITZ, BISCHOFF and MORGAN.

*Mr. L. Gilbert Farr,* Assistant Prosecutor, argued the cause for appellant (*Mr. David Linett,* Somerset County Prosecutor, attorney).

*Mr. Thomas A. Pavics* argued the cause for respondent (*Mr. Michael C. Shale,* Assistant Deputy Public Defender, attorney).

The opinion of the court was delivered by

BISCHOFF, J. A. D. The State appeals pursuant to leave granted from an order suppressing "all evidence seized on the grounds that such evidence was seized as a result of an illegal warrantless search."

At the commencement of the hearing on the motion to suppress, the record discloses the attorneys agreed that the trial judge should decide the motion on the basis of a stipulation of facts, the facts appearing in the briefs and "provided in the various letter memorandums submitted to the court."

The following facts were thus presented to the court.

On the afternoon of January 31, 1978 the car of defendant James B. Wysocki was immobilized by snow in the driveway

of a friend he had been visiting in Bernardsville, New Jersey. He radioed police for assistance and Patrolman Trepiccione arrived and determined that a tow truck would be needed. After calling for a truck, the officer asked defendant for either his driver's license, as the State contends in a brief filed below, or simply for identification, as it argues on this appeal. Defendant handed the officer the driver's license of one Louis Ferdinand, age 53. Wysocki, in his teens, appeared much younger and when asked by Trepiccione to spell Ferdinand, his response was incorrect. The officer radioed headquarters for a license plate check, and the answer disclosed that the license plates on the car stuck in the snow were assigned to a 1965 Rambler, while the car to which the plates were affixed was a 1977 Toyota. Defendant was arrested and searched. The search disclosed stolen articles contained within the car and the search of defendant revealed the presence of stolen articles on his person. Defendant's motion to suppress this evidence was granted and provides the basis for this appeal.

Additional facts before the court reveal that there had been reports of prowlers in the area and the officer did not recognize defendant as being a local resident. Further, the officer was required to complete a "Citizen's Assistance Report" and needed defendant's name and address for that purpose.

 It is defendant's contention that it was improper for the police to ask him to produce his driver's license. He argues that *N. J. S. A.* 39:3-29[1] authorizes a police officer

---

[1] *N. J. S. A.* 39:3-29 provides that: The driver's license, the registration certificate of a motor vehicle and an insurance identification card shall be in the possession of the driver or operator at all times when he is in charge of a motor vehicle on the highways of this State.

The driver or operator shall exhibit his driver's license, and an insurance identification card, and the holder of a registration certificate or the operator or driver of a motor vehicle for which a

to demand production of a driver's license only when a driver is observed operating a motor vehicle on the highway while, on the contrary, he was not operating and the vehicle involved was not on the highway but in a private driveway. Assuming *arguendo* that the request was for driving credentials, we disagree. The statute is not, by its terms, so restricted and is not to be so narrowly construed. "If a motor vehicle statute makes no references to offenses occurring on a public highway, it is usually held that the statute applie(s) generally throughout the State." *State v. McColley,* 157 *N. J. Super.* 525, 530 (App. Div. 1978) ; *State v. Magner,* 151 *N. J. Super.* 451, 454 (App. Div. 1977). Moreover, operation of a motor vehicle on the highway by a particular driver may be established by circumstantial evidence. *State v. Sweeney,* 40 *N. J.* 359 (1963) ; *State v. Dickens,* 130 *N. J. Super.* 73 (App. Div. 1974) ; *State v. Guerrido,* 60 *N. J. Super.* 505, 511 (App. Div. 1960) ; *State v. Prociuk,* 145 *N. J. Super.* 570 ,(Cty. Ct. 1976) ; *State v. Damoorgian,* 53 *N. J. Super.* 108 (Cty. Ct. 1958) ; *cf. State v. Daly,* 64 *N. J.* 122 (1973).

Here the defendant called for assistance to release his car from the snow so he could enter the highway. He admitted he had been visiting the occupants of the house and became stuck in the snow as he was leaving. It was apparent

registration certificate has been issued, whether or not the holder, driver or operator is a resident of this State, shall also exhibit the registration certificate, when requested so to do by any motor vehicle inspector, police officer or magistrate, while in the performance of the duties of his office and shall write his name in the presence of the officer, so that the officer may thereby determine the identity of the licensee and at the same time determine the correctness of the registration certificate, as it relates to the registration number and number plates of the motor vehicle for which it was issued; and the correctness of the evidence of a policy of insurance, as it relates to the coverage of the motor vehicle for which it was issued. * * *.

to the officer that the car had not been stuck in the snow for a long time. These facts provide an adequate basis for inferring operation of the vehicle by the defendant, and the officer's request for driving credentials was both authorized by the statute and reasonable under the circumstances. *State v. Gammons,* 113 *N. J. Super.* 434 (App. Div.), aff'd 59 *N. J.* 451 (1971); *State v. Kabayama,* 98 *N. J. Super.* 85 (App. Div. 1967), aff'd o. b. 52 *N. J.* 507 (1968). The request for driving credentials being proper, all that followed was normal police investigation into unexplained suspicious circumstances. *State v. Gammons, supra.*

The actions of the police officer were also full warranted if it be assumed that his request was merely for identification and not for driving credentials. The propriety of this request may be rested on circumstances apart from the statute regulating the operation of motor vehicles. In *State v. Sheffield,* 62 *N. J.* 441, *cert.* den. 414 *U. S.* 876, 94 *S. Ct.* 83, 38 *L. Ed.* 2d 121 (1973), the court sanctioned "field interrogation" by a policeman who does not have the reasonable suspicion of criminal activity required for a *Terry* search. *Id.* 62 *N. J.* at 447; *Terry v. Ohio,* 392 *U. S.* 1, 88 *S. Ct.* 1868, 20 *L. Ed.* 2d 889 (1968). In *Sheffield* the officer merely questioned the defendant and the court found nothing illegal in that activity. 62 *N. J.* at 446.

Defendant has no basis for complaint for he requested assistance, and his acts focused police attention on his conduct. Defendant's response to the reasonable request for identification or production of his driver's license disclosed discrepancies which warranted further investigation by police resulting in the arrest, search and discovery of the stolen articles.

We hold the warrantless search conducted by the police of defendant's person and of the car was supported by ample probable cause and the motion to suppress should have been denied.

Reversed and remanded.